Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
EFRAIN SOSA, DULCE SOSA, FANNY MARTINEZ,
SENAIDA CASTRO, CLAUDIA JARA, FANNY CASTRON,
NANCY MIRANDA, and JAIRO CASTRO, individually and on
behalf of all others similarly situated,

                                                 Plaintiffs,

        -against-

RESTART USA INC. D/B/A FUCHANG USA LLC, and ZHI
HAO YUAN, as an individual,

                                                 Defendants.
------------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **EFRAIN SOSA, DULCE SOSA, FANNY MARTINEZ, SENAIDA CASTRO, CLAUDIA JARA, FANNY CASTRON, NANCY MIRANDA, and JAIRO CASTRO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **EFRAIN SOSA, DULCE SOSA, FANNY MARTINEZ, SENAIDA CASTRO, CLAUDIA JARA, FANNY CASTRON, NANCY MIRANDA, and JAIRO CASTRO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **RESTART USA INC. D/B/A FUCHANG USA LLC, and ZHI HAO YUAN, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and

1

federal wage and hour laws arising out of Plaintiffs' employment at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 1013 Close Avenue, Bronx, New York 10472.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff EFRAIN SOSA residing at 34-14 100 Street, Corona, New York 11368, was employed from in or around September 2019 until in or July 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.
9. Plaintiff DULCE SOSA residing at 34-14 100 Street, Corona, New York 11368, has been employed from in or around March 2020 to the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.
10. Plaintiff FANNY MARTINEZ residing at 108-75 Ave D, New York, New York 11236, has been employed from in or around September 2019 until in or around March 2020 and from in or around June 2020 to the present by Defendants at

RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

11. Plaintiff SENAIDA CASTRO residing at 711 E 140 Street, Apt 304, Bronx, New York, 10454, was employed from in or around October 2019 until in or around September 2020 and has been employed from in or around June 2020 until the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

12. Plaintiff CLAUDIA JARA residing at 33-06 106 Street, Corona, NY 11368, was employed from in or around May 2020 until in or July 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

13. Plaintiff FANNY CASTRON residing at 42-50 Elberson Street, Flushing, New York, 11373, was employed from in or around April 2019 until in or June 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

14. Plaintiff NANCY MIRANDA residing at 653 Blake Ave, Brooklyn New York, 11207, has been employed from in or around July 2020 until the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

15. Plaintiff JAIRO CASTRO residing at 711 E 140 Street, Bronx New York, has been employed from in or around June 2020 until in or present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC, located at 166 Stewart Ave Brooklyn New York 11237.

16. Defendant, RESTART USA INC. D/B/A FUCHANG USA LLC is a corporation organized under the laws of New York.

17. Defendant, RESTART USA INC. D/B/A FUCHANG USA LLC is a corporation authorized to do business under the laws of New York.

18. Upon information and belief, Defendant, RESTART USA INC. D/B/A FUCHANG USA LLC is a corporation organized under the laws of New York with a principal executive office at 166 Stewart Ave Brooklyn New York 11237.

19. Upon information and belief, Defendant ZHI HAO YUAN is known to Plaintiffs as "George".
20. Upon information and belief, Defendant ZHI HAO YUAN owns and operates RESTART USA INC. D/B/A FUCHANG USA LLC,
21. Upon information and belief, Defendant ZHI HAO YUAN is the Chief Executive Officer of RESTART USA INC. D/B/A FUCHANG USA LLC,
22. Upon information and belief, Defendant ZHI HAO YUAN is an agent of RESTART USA INC. D/B/A FUCHANG USA LLC,
23. Upon information and belief, Defendant ZHI HAO YUAN has power over personnel decisions at RESTART USA INC. D/B/A FUCHANG USA LLC,
24. Upon information and belief, Defendant ZHI HAO YUAN has power over payroll decisions at RESTART USA INC. D/B/A FUCHANG USA LLC,
25. Defendant ZHI HAO YUAN has the power to hire and fire employees at RESTART USA INC. D/B/A FUCHANG USA LLC, establish and pay their wages, set their work schedule, and maintains their employment records.
26. During all relevant times herein, Defendant ZHI HAO YUAN was Plaintiffs' employer within the meaning of the FLSA and NYLL.
27. RESTART USA INC. D/B/A FUCHANG USA LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### EFRAIN SOSA

28. Plaintiff EFRAIN SOSA was employed from in or around September 2019 until in or around July 2020 by Defendant at RESTART USA INC. D/B/A FUCHANG USA LLC.

4

29. During Plaintiff EFRAIN SOSA's employment by Defendants, Plaintiff's primary duties were as a warehouse packer while performing other miscellaneous duties from in or around September 2019 until in or July 2020.

30. Plaintiff EFRAIN SOSA was paid by Defendants

    A) $10.00 per hour from in or around September 2019 until in or around October 2019

    B) $12.00 per hour from in or around November 2019 until in or around January 2020

    C) $13.00 per hour from in or around February 2020 until in or around July 2020

31. Plaintiff EFRAIN SOSA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or September 2019 until in or July 2020.

32. Although Plaintiff EFRAIN SOSA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around September 2019 until in or July 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Defendants failed to pay Plaintiff, EFRAIN SOSA, the legally prescribed minimum wage for his hours worked from in or around September 2019 until in or around July 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

**DULCE SOSA**

34. Plaintiff DULCE SOSA has been employed from in or around March 2020 to the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

35. During Plaintiff DULCE SOSA'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around March 2020 until the present.

36. Plaintiff DULCE SOSA has been paid by Defendants approximately $10.00 per hour from in or around March 2020 until the present.

37. Plaintiff DULCE SOSA worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around March 2020 until the present.

38. Although Plaintiff DULCE SOSA worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around March 2020 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Defendants failed to pay Plaintiff, DULCE SOSA, the legally prescribed minimum wage for her hours worked from in or around March 2020 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

### FANNY MARTINEZ

40. Plaintiff FANNY MARTINEZ was employed from in or around September 2019 until in or around March 2020 and has been employed from in or around June 2020 until the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

41. During Plaintiff FANNY MARTINEZ'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around September 2019 until in or around March 2020 and in or around June 2020 until the present.

42. Plaintiff FANNY MARTINEZ has been paid by Defendants
    A) approximately $10.00 per hour from in or around September 2019 until in or around March 2020
    B) approximately $14.00 per hour from in or around June 2020 until the present

43. During her employment by Defendants, Plaintiff FANNY MARTINEZ has worked approximately sixty (60) hours or more per week from in or around September 2019 until in or around March 2020 and approximately forty (40) hours or more per week from in or around June 2020 until the present.

44. Although Plaintiff FANNY MARTINEZ worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around September

6

2019 until in or March 2020 and from June 2020 to present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

45. Defendants failed to pay Plaintiff, FANNY MARTINEZ, the legally prescribed minimum wage for her hours worked from in or around September 2019 to the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

### SENAIDA CASTRO

46. Plaintiff SENAIDA CASTRO was employed from in or around October 2019 until in or around November 2019 and from in or around February 2020 until September 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

47. During Plaintiff SENAIDA CASTRO'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around October 2019 until in around November 2019 and from in or around February 2020 until September 2020.

48. Plaintiff SENAIDA CASTRO was paid by Defendants approximately $10.00 per hour from in or around October 2019 until in or November 2019 and from in or around February 2020 until September 2020.

49. Plaintiff SENAIDA CASTRO worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around October 2019 until in or around November 2019 and from in or around February 2020 until September 2020.

50. Although Plaintiff SENAIDA CASTRO worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around October 2019 until in or around November 2019 and from in or around February 2020 until September 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

51. Defendants failed to pay Plaintiff, SENAIDA CASTRO, the legally prescribed minimum wage for her hours worked from in or around October 2019 until in or

around November 2019 and from in or around February 2020 until September 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## CLAUDIA JARA

52. Plaintiff CLAUDIA JARA was employed from in or around May 2020 until in or around July 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

53. During Plaintiff CLAUDIA JARA'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around May 2020 until in or around July 2020.

54. Plaintiff CLAUDIA JARA was paid by Defendants approximately $10.00 per hour from in or around May 2020 until in or around July 2020.

55. Plaintiff CLAUDIA JARA worked approximately forty (40) hours or more per week during her employment by Defendants from in or around May 2020 until in or around July 2020.

56. Defendants failed to pay Plaintiff, CLAUDIA JARA, the legally prescribed minimum wage for her hours worked from in or around May 2020 until in or around July 2020., a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## FANNY CASTRON

57. Plaintiff FANNY CASTRON was employed from in or around April 2019 until in or around June 2020 by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

58. During Plaintiff FANNY CASTRON'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around April 2019 until in or around June 2020.

59. Plaintiff FANNY CASTRON was paid by Defendants
    A) approximately $10.00 per hour from in or around April 2019 until in or around December 2019.

B) approximately $13.00 per hour from in or around January 2020 until in or around June 2020.

60. Plaintiff FANNY CASTRON worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around April 2019 until in or around June 2020.

61. Although Plaintiff FANNY CASTRON worked approximately sixty (60) hours or more per week during her employment by Defendants from in or around April 2019 until in or around June 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

62. Defendants failed to pay Plaintiff, FANNY CASTRON, the legally prescribed minimum wage for her hours worked from in or around April 2019 until in or around June 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## NANCY MIRANDA

63. Plaintiff NANCY MIRANDA has been employed from in or around July 2020 until the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

64. During Plaintiff NANCY MIRANDA'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around July 2020 until the present.

65. Plaintiff NANCY MIRANDA has been paid by Defendants approximately $11.00 per hour from in or around July 2020 until the present.

66. Plaintiff NANCY MIRANDA has worked approximately forty (40) hours or more per week during her employment by Defendants from in or around July 2020 until the present.

67. Defendants failed to pay Plaintiff, FANNY CASTRON, the legally prescribed minimum wage for her hours worked from in or around July 2020 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## JAIRO CASTRO

68. Plaintiff JAIRO CASTRO has employed from in or around June 2020 until the present by Defendants at RESTART USA INC. D/B/A FUCHANG USA LLC

69. During Plaintiff JAIRO CASTRO'S employment by Defendants, Plaintiff's primary duties were as a warehouse packer, while performing other miscellaneous duties from in or around June 2020 until the present.

70. Plaintiff NANCY MIRANDA has been paid by Defendants approximately $10.00 per hour from in or around June 2020 until the present.

71. Plaintiff JAIRO CASTRO worked approximately forty (40) hours or more per week during her employment by Defendants from in or around June 2020 until the present.

72. Defendants failed to pay Plaintiff, JAIRO CASTRO, the legally prescribed minimum wage for her hours worked from in or around June 2020 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## WAGE NOTICES AND WAGE STATEMENTS VIOLATIONS AS TO ALL PLAINTIFFS

73. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

74. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

75. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

76. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

77. Collective Class: All persons who are or have been employed by the Defendants as warehouse packers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and minimum wage compensation.

78. Upon information and belief, Defendants employed at least 50 employees within the past three years subjected to similar payment structures.

79. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

80. Defendants' unlawful conduct has been widespread, repeated, and consistent.

81. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

82. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

83. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

84. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

85. The claims of Plaintiffs are typical of the claims of the putative class.

86. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

87. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

88. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All brick layers, helpers, and laborers who are currently or have been employed by the Defendants at S R INTERIORS, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

89. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 200 members of the New York Class during the New York Class Period.

90. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f. Whether Defendants should be enjoined from such violations in the future.

91. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

92. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

93. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

94. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

95. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

96. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

99. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

100. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

101. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

102. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

103. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

106. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

107. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

1. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
2. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
3. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
4. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
5. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
6. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
7. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.
8. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

9. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

10. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

11. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

12. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

13. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

14. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

108. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

110. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

113. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs unpaid minimum wages;
   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiffs prejudgment and post-judgment interest;
   f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This __5__ day of October 2020.

_/s/ Roman Avshalumov_
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
EFRAIN SOSA, DULCE SOSA, FANNY MARTINEZ, SENAIDA CASTRO, CLAUDIA JARA, FANNY CASTRON, NANCY MIRANDA, and JAIRO CASTRO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

RESTART USA INC. D/B/A FUCHANG USA LLC, and ZHI HAO YUAN, as an individual,

Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

TO:

**RESTART USA INC. D/B/A FUCHANG USA LLC**
**166 STEWART AVENUE**
**BROOKLYN NEW YORK 11237**

**ZHI HAO YUAN**
**166 STEWART AVENUE**
**BROOKLYN NEW YORK 11237**

18